# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| DOUGHTIE & COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:13-0209 |
| ) | JUDGE CAMPBELL/BROWN |
| RUTHERFORD COUNTY, A County ) | |
| of the State of Tennessee; RUTHERFORD ) | |
| COUNTY PROBATE CLERK'S OFFICE; ) | |
| LISA CROWELL, in her official capacity ) | |
| as Probate Clerk; TENNESSEE SIXTEENTH ) | |
| JUDICIAL DISTRICT CLERK AND ) | |
| MASTER'S OFFICE; JOHN BRATCHER, ) | |
| in his official capacity as Clerk and Master ) | |
| of the Sixteenth Judicial District, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Come now the above named Defendants, by and through counsel, and in response to Plaintiff's Complaint, state unto this Honorable Court as follows:

## FIRST DEFENSE

Pending investigation and in order to avoid waiver, Defendants aver that some or all of the averments set forth in Plaintiff's Complaint fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Without waiving affirmative or other defenses, Defendants respond to the individually numbered averments set forth in Plaintiff's Complaint as follows:

1. In response to the first grammatical paragraph, labeled "INTRODUCTORY STATEMENT", it is admitted that Plaintiff brings its action pursuant to 42 U.S.C. §§ 1983, but it is denied that Defendants failed to provide procedural due process, substantive due process or equal protection of the law to Plaintiff. It is denied that The Reader is a newspaper of general circulation. It is admitted that the Rutherford County Clerk and Master's Office did not approve The Reader as a publication in which legal notices may be published, and it is admitted that the Rutherford County Probate Court Clerk's Office removed The Reader from its list of approved publications in which legal notices may be published, but it is denied that any Defendant acted without adequate justification or in violation of the Constitution of the United States, or any other law, rule or regulation. Defendants are without knowledge or information sufficient to form a belief as to the truth of whether or not The Reader has incurred lost revenue and other damages, and the same is denied. In further response, Defendants deny that they are liable in any way for any loss of revenue or damages allegedly suffered by Plaintiff.

2. In response to the second grammatical paragraph, labeled "JURISDICTION", Defendants do not contest the jurisdiction of this court, but Defendants deny that they violated, or are in violation, of the statutes referenced therein.

3. In response to the third grammatical paragraph, labeled "VENUE", Defendants do not contest venue, but Defendants deny that there were, or are, any events or omissions giving rise to the claims asserted in Plaintiff's complaint.

4. In response to the fourth grammatical paragraph, labeled "PARTIES", Defendants are without knowledge or information sufficient to form a belief as to the averments asserted in the first grammatical paragraph under "PARTIES".

The averment set forth in the second grammatical paragraph under "PARTIES", regarding the location of the Probate Court Clerk's Office, is admitted.

The averments set forth in the third grammatical paragraph under "PARTIES", are admitted in part and denied in part. It is admitted that Lisa Crowell is the Rutherford County Clerk. It is admitted that Lisa Crowell likewise serves as the Probate Court Clerk. It is admitted that Lisa Crowell's address is as stated. It is admitted that the office of County Clerk is provided for in the Constitution of the State of Tennessee, but Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff means when it states that Lisa Crowell, "handles Probate matters", and therefore the same is denied, as stated.

The averments set forth in the fourth grammatical paragraph under "PARTIES", are admitted in part and denied in part. It is admitted that John Bratcher is the Clerk and Master of the Chancery Court for Rutherford County, and it is admitted that the Clerk and Master is appointed by the Chancellor for a six (6) year term as provide for by the Constitution of the State of Tennessee, but while the Clerk and Master may perform some of the functions and duties described, Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff means when it asserts that the Clerk and Master is "the principal administrative aide to the Chancery Court of the Sixteenth Judicial District, providing assistance in the areas of courtroom administration

and records management, docket maintenance, revenue management, maintenance of court minutes, official communication, and various other court-associated duties", and therefore the same is denied, as stated.

5. In response to the fifth grammatical paragraph, labeled "FACTUAL BASIS", Defendants reply to each numbered paragraph below:

(1) Defendants are without knowledge or information sufficient to form a belief as to how often The Reader is published, where it is made available and the nature of its content, and therefore the same is denied. Defendants deny that it is a newspaper of general circulation in Rutherford County, Tennessee.

(2) The averments set forth in paragraph (2) are admitted in part and denied in part. Defendants are without knowledge or information sufficient to form a belief as to what occurs in "most counties", and therefore the same is denied; the balance of the averments are admitted, upon information and belief.

(3) Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in paragraph (3), and therefore the same are denied.

(4) The averments set forth in paragraph (4) are admitted, upon information and belief.

(5) The averments set forth in paragraph (5) are admitted in part and denied in part. It is admitted that Pete Doughtie has requested to be considered an eligible publication for publishing legal notices by the Probate Court Clerk and the Clerk and Master, but Defendants are without knowledge or information sufficient to

form a belief as to what Plaintiff means when its states, "In recent years", and therefore the same is denied. Defendants are likewise without knowledge or information sufficient to form a belief as to whether "Pete Doughtie" made such requests by correspondence, and therefore the same is denied.

(6) The averments set forth in paragraph (6) are admitted in part and denied in part. It is admitted that the Tennessee Attorney General's office issued opinions with regard to whether or not a newspaper was a newspaper of "general circulation", and it is admitted, upon information and belief, that the Tennessee Attorney General's office determined, on at least two (2) occasions, that The Reader was not a newspaper of general circulation. Defendants are without knowledge or information as to the exact date that the Tennessee Attorney General's office discontinued its practice of issuing such opinions. It is admitted that Defendants considered whether or not the Tennessee Attorney General had issued an opinion with regard to whether or not a particular publication was a newspaper of general circulation, but Defendants are without knowledge or information sufficient to form a belief as to: what Plaintiff means by "prerequisite"; or with regard to what "some local government offices throughout Tennessee" may do or not do, therefore the same are denied.

In further response, Defendants desired, and continue to desire, that legal notices provided for through their respective offices are lawful, and to that end, the Clerk and Master did not allow Plaintiff to provide such legal notices because Plaintiff could not prove, to the satisfaction of the Clerk and Master, that it qualified as a

5

newspaper of general circulation. When discussing this issue with Plaintiff, the Clerk and Master told Plaintiff that he would need a court opinion, or a statute, that indicated Plaintiff was a newspaper of general circulation, or that it was otherwise appropriate to publish legal notices with Plaintiff. Not only did Plaintiff not present a court opinion or statute as requested, but Plaintiff advised the Clerk and Master that the Tennessee Attorney General's office opined that it was not a newspaper of general circulation.

With regard to the Probate Court clerk, the Plaintiff presented a statement, written on stationary that appears to belong to Tennessee state representative Rick Womick, wherein it was written, in part: "Therefore, this letter will serve as clarification that an approval or certification need not be declared or received in order for a 'Newspaper of General Circulation' to print official public notices". Based upon this representation, the Probate Court clerk permitted Plaintiff to publish legal notices until she was made aware of the Tennessee Attorney General's office opinions holding affirmatively that Plaintiff was not a newspaper of general circulation. After being made aware of the same, the Probate Court Clerk removed Plaintiff from the list of approved publications. The Probate Court Clerk explained her decision, in person, with Plaintiff, and advised him that she would need clear confirmation that The Reader was a newspaper of general circulation before she would allow publication of legal notices in the same.

(7) The averment set forth in paragraph (7) is admitted, upon information and belief, but Defendants are without knowledge or information as to the specific date the act described occurred.

6

(8) The averments set forth in paragraph (8) are admitted in part and denied in part. It is admitted that Plaintiff requested to be included in the options, given by the Probate Court Clerk and the Chancery Court Clerk and Master, to parties publishing legal notices, but Defendants are without knowledge or information sufficient to form a belief as to exactly how many requests were made, or the exact dates of such requests.

(9) The averments set forth in paragraph (9) are admitted in part and denied in part. Defendants are not aware of the exact date of the inquiry referenced, but admit that the inquiry was made. It is admitted that Plaintiff was permitted to be among the choices that parties had for running legal notices by the Probate Court Clerk. In further response, Plaintiff presented the Probate Court Clerk with a statement, written on stationary appearing to belong to Tennessee state representative Rick Womick, wherein it was written, in part: "Therefore, this letter will serve as clarification that an approval or certification need not be declared or received in order for a 'Newspaper of General Circulation' to print official public notices". Based upon this representation, the Probate Court clerk permitted Plaintiff to publish legal notices until she was made aware of the Tennessee Attorney General's office opinions holding affirmatively that Plaintiff was not a newspaper of general circulation. After being made aware of the same, the Probate Court Clerk removed Plaintiff from the list of approved publications. The Probate Court Clerk explained her decision, in person, with Plaintiff, and advised him that she would need clear confirmation that The Reader was

a newspaper of general circulation before she would allow publication of legal notices in the same.

(10) The averments set forth in paragraph (10) are admitted, upon information and belief.

(11) The averments set forth in paragraph (11) are admitted. In further response, subsequent to Plaintiff running legal notices, the Probate Court Clerk became aware of the Tennessee Attorney General's office opinions holding affirmatively that Plaintiff was not a newspaper of general circulation. After being made aware of the same, the Probate Court Clerk removed Plaintiff from the list of approved publications. The Probate Court Clerk explained her decision, in person, with Plaintiff, and advised that she would need clear confirmation that The Reader was a newspaper of general circulation before she would allow publication of legal notices in the same.

(12) The averments set forth in paragraph (12) are admitted in part and denied in part. It is admitted that The Reader made a request to the Clerk and Master's Office to be included as a publication eligible to publish legal notices, and it is admitted that this request has not been granted, but it is denied that The Reader is a newspaper of general circulation. In further response, the Clerk and Master did not allow Plaintiff to provide legal notices because Plaintiff could not prove, to the satisfaction of the Clerk and Master, that it qualified as a newspaper of general circulation. When discussing this issue with Plaintiff, the Clerk and Master told Plaintiff that he would need a court opinion, or a statute, that indicated Plaintiff was a newspaper of general circulation, or that it was otherwise appropriate to publish legal notices with Plaintiff. Not only did

8

Plaintiff not present a court opinion or statute as requested, but Plaintiff advised the Clerk and Master that the Tennessee Attorney General's office opined that it was not a newspaper of general circulation.

      6.     The next series of numbered paragraphs in Plaintiff's complaint continue in sequential order from the paragraphs set forth under the heading, "FACTUAL BASIS", but Plaintiff places them under the heading, "CAUSES OF ACTION". Defendants answer each numbered paragraph below:

      (13)     The averments set forth in paragraph (13) are denied. Plaintiff has sued Lisa Crowell and John Bratcher in their official capacities. Actions against officers of government sued in their official capacities are actions against the government or office, not the individual.

      (14)     The averments set forth in paragraph (14) are denied.

      (15)     The averments set forth in paragraph (15) are denied.

      (16)     The averments set forth in paragraph (16) are denied.

      (17)     The averments set forth in paragraph (17) are denied.

      (18)     The averments set forth in paragraph (18) are denied.

      (19)     The averments set forth in paragraph (19) are denied.

      (20)     The averments set forth in paragraph (20) are denied.

      (21)     The averments set forth in paragraph (21) are denied.

      (22)     The averments set forth in paragraph (22) are denied.

      (23)     The averments set forth in paragraph (23) are denied.

7. Any and all such averments set forth in Plaintiff's complaint that are neither heretofore expressly admitted nor denied are hereby denied.

8. In response to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any of the relief requested.

## THIRD DEFENSE

Defendants aver that Plaintiff's Complaint is barred by the applicable statute of limitations and therefore fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this averment, Defendants assert that Plaintiff filed its Complaint outside the applicable one (1) year statute of limitations for the 42 U.S.C § 1983 claims alleged in the Complaint.

## FOURTH DEFENSE

Defendants aver that they are entitled to qualified immunity as their conduct did not violate clearly established statutory or constitutional rights. *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244 (2012). Defendants aver that their actions were objectively reasonable and within the realm of reasonable responses to the circumstances in question.

## FIFTH DEFENSE

Defendants aver that they cannot be liable to Plaintiff in their official capacities pursuant to 42 U.S.C. § 1983 because Plaintiff has failed to assert any custom or policy which was the moving force behind the constitutional injures alleged in the Complaint. Defendants further aver that they cannot be liable to Plaintiff under § 1983 because of

10

the lack of any violation of that statute and/or because of the absence of any custom or policy which was the moving force behind a violation of § 1983.

## SIXTH DEFENSE

Defendants aver that Plaintiff has failed to assert a custom or policy as the moving force behind the constitutional injuries alleged in the Complaint and therefore Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## SEVENTH DEFENSE

Defendants aver that Plaintiff cannot prove a cause of action against them because Plaintiff cannot prove that Defendants breached any duty to Plaintiff or that the alleged actions or omissions of Defendants constituted the legal and/or proximate cause of Plaintiff's alleged damages.

## EIGHTH DEFENSE

Defendants aver that Plaintiff fails to state a claim upon which relief can be granted with regard to his prayer for punitive damages, and other requests for damages.

## NINTH DEFENSE

Defendants aver that Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages without proof of every element of such claim beyond a reasonable doubt would violate Defendants' due process rights under the Fourteenth Amendment to the United States Constitution and under the due

11

Case 3:13-cv-00209 Document 17 Filed 05/01/13 Page 11 of 19 PageID #: 56

process provisions of the Tennessee Constitution.

## TENTH DEFENSE

Alternatively, unless Defendants' liability for punitive damages and the appropriate amount of punitive damages to be assessed is required to be established by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Tennessee Constitution.

## ELEVENTH DEFENSE

Defendants aver that Plaintiff's claim for punitive damages cannot be sustained, because any award of punitive damages without requiring a bifurcated trial as to all punitive damages issues would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Tennessee Constitution.

## TWELFTH DEFENSE

Defendants aver that Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages subject to no predetermined upper limit, either as a maximum multiple of compensatory damages or an absolute maximum amount, would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process of law provisions of the Tennessee Constitution and may result in a violation of

12

Defendants' rights not to be subjected to an excessive award in violation of the excessive fines provisions of the Tennessee Constitution.

### THIRTEENTH DEFENSE

Defendants aver that Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages by a jury that (1) is not provided standards of sufficient clarity and uniformity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment and is not instructed to award only that amount of punitive damages as reflects a necessary relationship between the amount of punitive damages and the actual harm in question, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and do not define, with sufficient clarity to give advance notice to a potential defendant of (a) the prohibited conduct or mental state that permits an award of punitive damages, and (b) the amount of punitive damages permissible, and (5) is not subject to trial and appellate court review on the basis of uniform and objective standards, would violate Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process and equal protection provisions of the

13

Tennessee Constitution and may result in an excessive punitive damages award in violation of the excessive fines provisions of the Tennessee Constitution.

### FOURTEENTH DEFENSE

Defendants aver that Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages without affording to Defendants protections similar to those that are accorded to criminal defendants, including protection against unreasonable searches and seizures, double jeopardy or impermissible multiple punishments, and compelled self-incrimination, and the rights to confront adverse witnesses, to compulsory process for favorable witnesses, and to the effective assistance of counsel on every element of an award of punitive damages would violate Defendants' rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and the provisions providing for due process, the rights to confront witnesses, to compulsory process for favorable witnesses, and to effective assistance of counsel, and protection against unreasonable searches and seizures, double jeopardy, and compelled self-incrimination of the Tennessee Constitution.

### FIFTEENTH DEFENSE

Defendants aver that Plaintiff's claims for punitive damages are governed by all standards of limitations regarding the determination and/or enforceability of punitive damages awards as established in the decisions of *BMW of North America v. Gore*, 517

U.S. 559 (1996), *Cooper Industries v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S. Ct. 1678 (2001), and *State Farm Automobile Insurance Company v. Campbell,* 123 S. Ct. 1513 (2003), as well as any other relevant or applicable statutory or case law.

### SIXTEENTH DEFENSE

Defendants aver that Plaintiff's claim for punitive damages must be adjudicated by the court rather than the jury pursuant to *Cooper Industries v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S.Ct. 1678 (2001).

### SEVENTEENTH DEFENSE

Defendants aver that they cannot be liable to Plaintiff in this cause because they are shielded by the protections of absolute immunity for the performance of the quasi-judicial duties complained of in the Plaintiff's Complaint.

### EIGHTEENTH DEFENSE

Defendants plead and rely upon the provisions of the Tennessee Governmental Tort Liability Act to govern the nature and extent of its liability on Plaintiff's state law claims, if any, in this case.

### NINETEENTH DEFENSE

Defendants aver that they are immune from suit for Plaintiff's state law claims, if any, pursuant to the Tennessee Governmental Tort Liability Act.

### TWENTIETH DEFENSE

Defendants aver that they are immune from suit for Plaintiff's state law claims, if any, pursuant to the Tennessee Governmental Tort Liability Act, because all of the alleged actions or omissions were discretionary in nature.

### TWENTY- FIRST DEFENSE

Defendants aver that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, to the extent Plaintiff asserts state law claims, pursuant to the principles enunciated in *Bettingfield v. City of Pulaski,* 666 F.Supp. 1064 (M.D. Tenn. 1987).

### TWENTY-SECOND DEFENSE

Pending investigation and in order to avoid waiver, Defendants aver that Plaintiff's state law claims, if any, are barred by the comparative fault doctrine because Plaintiff was more than 49% at fault for Plaintiff's damages. In the event that Plaintiff is found to be 49% or less at fault for Plaintiff's damages, Defendants aver that Plaintiff's damages should be reduced in proportion to the percentage of Plaintiff's fault, if any.

### TWENTY-THIRD DEFENSE

Defendants aver that they are entitled to recover attorney's fees from Plaintiff pursuant to 42 U.S.C. § 1988.

### TWENTY-FOURTH DEFENSE

Defendants aver that the Plaintiff was not entitled to, and did not have a constitutionally protected property interest in, being listed by the Defendants as a newspaper eligible to publish legal notices. Defendants aver that Plaintiff had, if anything, an abstract need or desire for the benefit of being included on the lists of newspapers eligible to publish legal notices, but it did not have a legitimate claim of entitlement to be on the lists. Defendants further aver that Plaintiff's mere unilateral expectation to receive the benefit of being included on the lists of newspaper eligible to

16

publish legal notices is not enough to create a protected property interest.

### TWENTY-FIFTH DEFENSE

Defendants aver that there was a rational basis for their decision to remove the Rutherford Reader from the list of newspapers eligible to publish legal notices, and to not include the Rutherford Reader on such lists.

### TWENTY-SIXTH DEFENSE

Defendants aver that the Rutherford Reader is not a newspaper of general circulation. Defendants further aver that Plaintiff admitted, in its Complaint, that the Tennessee Attorney General's Office previously opined that the Rutherford Reader was not a newspaper of general circulation.

### TWENTY-SEVENTH DEFENSE

Defendants aver that Rutherford County cannot be held liable under 42 U.S.C. § 1983 on the basis of respondeat superior.

### TWENTY-EIGHTH DEFENSE

Defendants aver that the Rutherford Reader is not similarly situated to the Daily News Journal nor the Murfreesboro Post.

### TWENTY-NINTH DEFENSE

Defendants aver that there is no state law that supports a claim to entitlement to being included on the lists of newspapers eligible to publish legal notices.

### THIRTIETH DEFENSE

Defendants aver that the decision of whether to include the Rutherford Reader on the lists of newspapers eligible to publish legal notices, or to remove the Rutherford

Reader from said lists, is a discretionary act, absent the necessary requirement that a newspaper be one of general circulation, and therefore Plaintiff does not possess a protected property interest in being included on the lists of eligible newspapers.

### THIRTY-FIRST DEFENSE

Defendants aver that the doctrine of laches bars Plaintiff's request for injunctive relief.

### THIRTY-SECOND DEFENSE

Defendants aver that the Plaintiff's substantial delay in bringing this cause demonstrates that there is no urgency for injunctive relief in this case.

### THIRTY-THIRD DEFENSE

Defendants aver that the Plaintiff cannot establish the elements necessary for a preliminary injunction in this cause.

### THIRTY-FOURTH DEFENSE

All averments not heretofore admitted, denied, or otherwise explained are here and now denied as though set forth specifically and denied.

**WHEREFORE,** having fully responded to the averments contained in the Complaint, Defendant prays that this Complaint be dismissed with all costs taxed to Plaintiff. Failing dismissal, Defendant prays for a trial by jury of twelve on all jury issues joined by the pleadings and for such further, general relief to which they might be entitled.

Respectfully submitted,

**COPE, HUDSON, REED & McCREARY, PLLC**

By: s/E. Evan Cope
    **James C. Cope**
    BPRN 3340
    **E. Evan Cope**
    BPRN 21436
    **Blake A. Garner**
    BPRN 31129
    16 Public Square North
    Murfreesboro, TN 37130
    Telephone: (615) 893-5522
    Email: ecope@mborolaw.com
           jcope@mborolaw.com
           bgarner@mborolaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 1st day of May, 2013, a true and exact copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Barry R. Tidwell
    Bullock, Fly, Hornsby & Evans
    302 N. Spring Street
    Murfreesboro, TN 37130

    **By:** s/E. Evan Cope
          E. Evan Cope