UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DOUGHTIE & COMPANY, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CASE NO. 3:13-0209 |
| ) | JUDGE CAMPBELL/BROWN |
| RUTHERFORD COUNTY, A County ) | Jury Demand |
| of the State of Tennessee; RUTHERFORD ) | |
| COUNTY PROBATE CLERK'S OFFICE; ) | |
| LISA CROWELL, in her official capacity ) | |
| as Probate Clerk; TENNESSEE SIXTEENTH ) | |
| JUDICIAL DISTRICT CLERK AND ) | |
| MASTER'S OFFICE; JOHN BRATCHER, ) | |
| in his official capacity as Clerk and Master ) | |
| of the Sixteenth Judicial District, ) | |
| ) | |
| Defendants ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted:

**1. Jurisdiction:**

Plaintiff's claims arise under Title II of the Civil rights Acts of 1964, as amended, 42 U.S.C. § 1983 and 1988. There are no disputes as to jurisdiction or service of process.

**2. Plaintiff's Theory of the Case:**

The Reader is a newspaper of general circulation in Rutherford County, Tennessee made available in all parts of the County, published weekly, and containing news of general interest to the public. In Rutherford County, as in most counties, local newspapers are used for the publishing of legal notices by the various court clerk's

1

offices including the Clerk and Master's office as well as the Probate Court Clerk. The publishing of notice to creditors is a Tennessee statutory requirement in probating an estate. The publication of notices such as the notice to creditors can be a lucrative business. It is not unusual for a publication to run multiple pages of the notices, which turns into thousands of dollars in revenue from the publishing of the notices. Currently, the only options given to the parties to run a notice to creditors in Rutherford County are the Daily News Journal and the Murfreesboro Post, two local publications. Upon information and belief, if a party or their representative requested another publication, such as The Reader, they would be denied. At one point in time, The Reader was permitted to be among the choices that parties had for running legal notices. The Reader ran legal notices to creditors on the following dates: August 11, 2011, August 18, 2011, August 25, 2011, September 1, 2011, and September 8, 2011. At some point shortly after the running of notices on September 8, 2011, the Rutherford County Probate Clerk's Office removed The Reader from the list of publications eligible to run notice to creditors with no notice to The Reader or its owners. The Reader has continued to make requests to the Rutherford County Clerk and Master's Office to be placed on the list of publications eligible to publish legal notices. This request has never been granted, despite The Reader qualifying as a newspaper of general circulation. The actions of the Clerk and Master's Office and the Probate Court Clerk have deprived The Reader of rights and privileges secured by the United States Constitution and the Plaintiff has suffered damages as the result of the action of the Defendants; The Reader has been denied procedural due process; The reader has been denied an interest in

2

property without adequate justification; and The Reader has been denied Equal Protection of the Law by being treated disparately from other publications in Rutherford County.

**3. Defendant's Theory of the Case:**

Defendants, Rutherford County, the Rutherford County Probate Clerk's Office, Lisa Crowell, the Tennessee Sixteenth Judicial District Clerk and Master's Office, and John Bratcher, deny violating the Plaintiff's Constitutional rights and deny all claims set forth against them in the Complaint.

In regard to Plaintiff's procedural due process and substantive due process claims, the Defendants deny that the Plaintiff had a protected property interest in having the Rutherford Reader listed on the lists of newspapers eligible to publish legal notices in Rutherford County. The Plaintiff, if anything, has nothing more than a mere unilateral expectation or desire for the benefit of being included on the lists, which does not give rise to a protected property interest. The Plaintiff does not have a legitimate claim of entitlement to being included on the lists as required for a due process claim. Property interests are created by state laws or contracts, and the Plaintiff has failed to cite any state law or contract which creates a protected property interest in being listed on the eligible newspaper lists. The Defendants did not violate the Plaintiff's procedural or substantive due process rights by not including the Rutherford Reader on the eligible newspaper lists. In addition, the Defendants had a rational basis for not including the Rutherford Reader on the eligible newspaper lists.

In regard to Plaintiff's equal protection claim, the Defendants deny that the Rutherford Reader is similarly situated to the Daily News Journal and Murfreesboro Post for equal protection purposes. The Defendants deny that the Rutherford Reader is a newspaper of general circulation, and there is even a Tennessee Attorney General's Opinion to that effect. Additionally, as required by the Equal Protection Clause, the Defendants had a rational basis for not including the Rutherford Reader on the eligible newspaper list: there has been no finding that the Rutherford Reader is a newspaper of general circulation by either the Tennessee Attorney General's Office, or any court of this state. To the contrary, there has been an affirmative finding that the Rutherford Reader is not a newspaper of general circulation. The Defendants did not violate the Plaintiff's equal protection rights.

The Defendants did not violate the Plaintiff's Constitutional Rights by not including the Rutherford Reader on the list of newspapers eligible to publish legal notices. The Plaintiff does not have a protected property interest in having the Rutherford Reader included on the eligible newspaper lists. The Rutherford Reader is also not similarly situated to the Daily News Journal and Murfreesboro Post because it is not a newspaper of general circulation for the purpose of publishing legal notices. The Defendants also had a rational basis for not including the Rutherford Reader on the eligible newspaper lists. Lastly, the Defendants deny that Plaintiff is entitled to a preliminary injunction in this matter because the Plaintiff cannot meet the elements necessary for a preliminary injunction.

**4.    Identification of the Issues:**

All issues are disputed.

**5.    Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

The Plaintiff does not anticipate any counter-claims or cross-claims. Plaintiff is currently not aware of any other local newspaper wishing to join this lawsuit.

**6.    Initial Disclosures and Staging of Discovery:**

A.    Parties must make Rule 26(a) Initial Disclosures on or before **May 17, 2013**.

B.    Written discovery and depositions of fact witnesses must be concluded on or before **September 1, 2013**. Local Rule 33.01(b) is expanded to allow **40 interrogatories**, including subparts.

C.    The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **September 1, 2013**. The Defendants shall identify and disclose all expert witnesses and reports on or before **September 1, 2013**.

D.    Depositions of expert witnesses must be concluded on or before **November 1, 2012**.

**Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge.**

7. **Dispositive motions:**

The parties shall file all dispositive motions on or before **January 6, 2014**. Responses to dispositive motions shall be filed within **28 days** after the filing of the motion. Optional replies may be filed within **14 days** after the filing of the response. The motion and response memoranda are limited to **25 pages** and the reply, if a reply is filed, is limited to **five pages**, absent Court permission for longer pleading.

8. **Hearing on Complaint for Injunctive Relief and Briefing Schedule:**

The deadline for briefing the Plaintiff's request for injunctive relief is **May 17, 2013**. Defendants' response is due **14 days** thereafter, and the parties request a hearing on the matter as soon as convenient to the Court.

9. **Subsequent case management conferences:**

The parties will schedule a conference call case management conference within **five days** of a ruling on the motion for a preliminary injunction. Magistrate Judge Brown's chambers can be reached at 615-736-2119.

10. **Alternative dispute resolution:**

Alternative dispute resolution does not appear to be proper in this cause.

11. **Target trial date**:

The parties expect the jury trial to last approximately three days and the target date is on or after June 2, 2014.

It is so **ORDERED.**

      /s/    Joe B. Brown
Joe B. Brown
United States Magistrate Judge

6