**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **DOUGHTIE & COMPANY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:13-0209** |
| | ) | **JUDGE CAMPBELL/BROWN** |
| **RUTHERFORD COUNTY, A County** | ) | |
| **of the State of Tennessee; RUTHERFORD** | ) | |
| **COUNTY PROBATE CLERK'S OFFICE;** | ) | |
| **LISA CROWELL, in her official capacity** | ) | |
| **as Probate Clerk; TENNESSEE SIXTEENTH** | ) | |
| **JUDICIAL DISTRICT CLERK AND** | ) | |
| **MASTER'S OFFICE; JOHN BRATCHER,** | ) | |
| **in his official capacity as Clerk and Master** | ) | |
| **of the Sixteenth Judicial District,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**APPLICATION FOR INJUNCTIVE RELIEF**

Come now the above named Defendants, by and through counsel, and file this Response to Plaintiff's Application for Injunctive Relief. For the reasons set forth herein below, Plaintiff's Application for Injunctive Relief should be denied.

INTRODUCTION

On March 11, 2013, Plaintiff filed its complaint, pursuant to 42 U.S.C. § 1983, and seeks damages from the Defendants for alleged Constitutional violations as well as a preliminary and permanent injunction that the Rutherford Reader be placed on the list of newspapers eligible to publish legal notices. (See Compl.) Plaintiff's complaint concerns a desire to have the Rutherford Reader newspaper included on the lists of newspapers eligible to publish legal notices in the Rutherford County Probate Clerk's Office (hereinafter "Probate Court") and Sixteenth Judicial District Clerk and Master's Office (hereinafter "Clerk and Master") (See

Compl.) Plaintiff alleges a denial of Constitutional due process, substantive due Process, and equal protection for not being included on the eligible newspaper lists. (See Compl.).

The relevant facts alleged are as follows. From December 2009 until August 2011, Pete Doughtie, the publisher of the Rutherford Reader, made several attempts to have the Rutherford Reader included on the eligible newspaper lists in the Probate Court and Clerk and Master's offices. (Compl. at p. 4-5). The Rutherford Reader was included on the Probate Court office's eligible newspaper list for a short two month period in 2011, and last ran legal notices for the Probe Court office on September 8, 2011. (Compl. at p. 5-6). The Rutherford Reader was then removed from the Probate Court office's eligible newspaper list sometime shortly after September 8, 2011, after the Probate Court learned that the Tennessee Attorney General had opined that the Rutherford Reader was not a newspaper of general circulation eligible to publish legal notices. (Compl. at p. 6; Answer at p. 5-8) The Rutherford Reader has not been included on the eligible newspaper list in the Clerk and Master's office. (Compl. at p.6). The Clerk and Master's office did not include the Rutherford Reader on its eligible newspaper lists because Plaintiff could not prove that the Rutherford Reader qualified as a newspaper of general circulation. (Answer at p. 8). Moreover, Plaintiff advised the Clerk and Master's office that the Tennessee Attorney General's Office opined that the Rutherford Reader was not a newspaper of general circulation. (Answer at p. 8-9).

On June 7, 2013, nearly three (3) month after originally filing its Complaint, Plaintiff filed an Application for Injunctive Relief. (Application for Injunctive Relief. Specifically, Plaintiff moves for injunctive relief requiring all Defendants to place the Rutherford Reader on their respective lists of publications eligible to publish legal notices. (Application for Injunctive Relief). Plaintiff states that the basic premise of this lawsuit is that Plaintiff is missing out on

2

revenue that it would otherwise get if it were allowed to be placed on the Defendants' lists of eligible newspapers. (Memorandum in Support of Plaintiff's Application for Injunctive Relief at p. 1). On this basis, Plaintiff requests injunctive relief to immediately place the Rutherford Reader on the eligible newspaper lists to prevent further loss of revenue. (Memorandum in Support of Plaintiff's Application for Injunctive Relief at p. 1).

## SUMMARY OF ARGUMENT

The law is clear that a preliminary injunction is an extraordinary remedy, used simply to preserve the status quo, and requiring the party seeking the injunction to show irreparable harm and likelihood of success. *U.S. v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *Chapman v. Bell*, 2013 WL 416228, at *5 (M.D. Tenn. 2013). Plaintiff is not entitled to a preliminary injunction in this case for several reasons. First, Plaintiff does not seek to preserve the status quo, but seeks affirmative action by the Defendants. Second, Plaintiff does not have a strong likelihood of success on the merits as Defendants assert multiple defenses to liability in this case including statute of limitations, the doctrine of laches and that there is not a constitutionally protected right at issue in this case. Third, Plaintiff has not and will not suffer irreparable harm without the requested injunction as an injury, in terms of money damages, is not enough to sustain a request for a preliminary injunction. Fourth, the public interest will not be served by issuance of the injunction as the public would be denied legal notices in a newspaper of general circulation.

## ARGUMENT

**I.    Plaintiff is not entitled to emergency preliminary injunctive relief.**

The law is well established that a preliminary injunction is an extraordinary remedy, involving the exercise of very far-reaching power that should only be granted in limited

3

circumstances that clearly demand it. *Leary v. Dasechner*, 228 F.3d 729, 739 (6th Cir. 2000). The purpose of a preliminary injunction is merely to preserve the status quo of the parties until a trial on the merits can be held. *Hudson v. Caruso*, 748 F.Supp.2d 721, 724 (W.D. Mich. 2010) (*citing University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). A plaintiff can only obtain preliminary injunctive relief by carrying his or her burden of proving that that circumstances clearly demand that: (1) it has a strong likelihood of success on the merits; (2) it will suffer irreparable harm if the injunction is not issued; (3) the injunction would not substantially harm other parties; and (4) the injunction would serve the public interest. *See Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). Here, Plaintiff cannot meet its burden to obtain a preliminary injunction and is not entitled to such relief.

     A.     Plaintiff is not entitled to a preliminary injunction because Plaintiff seeks affirmative action by the Defendants rather than simply seeking to maintain the status quo among the parties.

As noted above, the purpose behind a preliminary injunction is to merely preserve the status of the parties until a trial can be held. Plaintiff, by seeking that Defendants take affirmative action and include the Rutherford Reader on the eligible newspaper lists is requesting something much more than a preliminary injunction typically may achieve. Plaintiff is not simply asking that the court maintain the status quo, the status quo is that the Rutherford Reader is not on the lists. To maintain the status quo would mean that nothing changes among the parties between now and trial on the merits. Plaintiff, by requesting affirmative action by Defendants, seeks a mandatory injunction. However, "it is inappropriate to give a party relief on the 'front end' where sufficient doubt exists as to the party's ultimate chance of prevailing, especially where the relief sought preliminarily is the ultimate relief requested . . .." *Gaines v. National Colelgiate Athletic Ass'n*, 746 F.Supp. 738, 724 (M.D. Tenn. 1990). As will be discussed more fully below,

4

more than sufficient doubt exists at to Plaintiff's chances of ultimately prevailing in this case. In addition, the relief sought by Plaintiff in its application for a preliminary injunction is the ultimate relief requested by Plaintiff in the Complaint. Therefore, this Court should deny Plaintiff's request to change the status quo at this stage, as Plaintiff can seek its ultimate relief at a trial and on the merits.

  B.  Plaintiff is not entitled to a preliminary injunction as Plaintiff does not have a strong likelihood of success on the merits in this cause considering the various potential defenses to Defendants' liability.

  Plaintiff argues that it has a strong likelihood of success in this case because it has alleged facts, that if proven, would show that it was denied certain constitutional rights. (Memorandum in Support of Plaintiff's Application for Injunctive Relief at p. 6). This simply is not enough to establish the first prong that Plaintiff must fulfill in order to be entitled to preliminary relief in this cause. Plaintiff appears to rely on its assertion that it believes it satisfies certain criteria to be considered a newspaper of general circulation under Tennessee law. (Memorandum in Support of Plaintiff's Application for Injunctive Relief at p. 8). However, there are two (2) Tennessee Attorney General Opinions which clearly state the Rutherford Reader is not a newspaper of general circulation and is not qualified to publish legal notices under Tennessee law. *See* Tenn. Op. Atty. Gen. No. 09-137, 2009 WL 2374269 (2009); Tenn. Op. Atty. Gen. No. 07-146, 2007 WL 4898465 (2007). Not only has Plaintiff failed to provide any additional evidence showing that it is likely to succeed on the merits in this case, but there are numerous defenses, as asserted in Defendants' Answer, that undercut Plaintiff's claim that it is likely to succeed in this case and is therefore entitled to a preliminary injunction.

i.    The applicable one (1) year statute of limitations bars Plaintiff's claims.

As affirmatively pled in Defendants' Answer, the applicable statute of limitations bars each of Plaintiff's claims. There is no statute of limitations contained in 42 U.S.C. § 1983. As such, courts apply the statute of limitations from the forum state, and in Tennessee, the statute of limitations for claims brought under the federal civil rights statute is one year after the cause of action has accrued. Tenn. Code Ann. § 28-3-104(a)(3). A § 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his complaint. *Moore v. Lewis*, 2011 WL 4344433, at \*3 (E.D. Tenn. 2011).  According to the Complaint, the Rutherford Reader was removed from the Probate Court office's eligible newspaper list sometime around September of 2011. (Compl. at p. 6). Plaintiff alleges that it made requests to be included on the Probate Court and Clerk and Master's lists' from December of 2009 until August of 2011. (Compl. at p. 5).  Thus, the last request, according to Plaintiff, was made sometime in August of 2011.  Either way, it was sometime around August or September of 2011, at the latest, when Plaintiff became aware of its alleged injury. Plaintiff became aware of the Rutherford Reader's denial from the Clerk and Master's list as early as December 2009. Therefore, Plaintiff's § 1983 claims accrued, again at the latest, in the fall of 2011. Plaintiff, however, did not file suit until March 11, 2013, over one (1) year from the date it learned of its alleged injuries and its claims accrued. As such, Plaintiff has filed suit outside the applicable one (1) year statute of limitations for § 1983 claims. Accordingly, Plaintiff's claims should be dismissed.  At the very least, this statute of limitations defense is further evidence that Plaintiff does not have a strong likelihood of success in this case so as to meet the first prong of the preliminary injunction test.

ii.   Plaintiff has admitted that the Tennessee Attorney General's office previously opined that the Rutherford Reader is not a newspaper of general circulation eligible to publish legal notices.

Plaintiff admits that the Tennessee Attorney General's Office has twice opined that the Rutherford Reader is a not a newspaper of general circulation. (Compl. at p. 5). Defendants reasonably relied upon these Attorney General Opinions, and the lack of sufficient proof that the Rutherford Reader was a newspaper of general circulation, in denying the paper from inclusion on the eligible newspaper lists. (See Answer). The existence of these formal legal opinions that the Rutherford Reader does not qualify as a newspaper of general circulation and that it is not eligible to publish legal notices provided Defendants with a rational basis and reasonable grounds for taking the actions complained of by Plaintiff. The Tennessee Attorney General Opinions, and Plaintiff's admission of the same, obviates Plaintiff's claim that it has a strong likelihood of successes on the merits in this case.

iii.   The extensive amount of time between Plaintiff's knowledge of its injuries and filing for injunctive relief bars such a claim at this time.

As noted above, Plaintiff became aware of its injuries, and its claims therefore accrued at the very latest in September of 2011. Not only are Plaintiff's claims barred by the applicable one (1) year statute of limitations, but the lengthy delay in bringing the instant application for a preliminary injunction demonstrates the lack of any urgency in the request. "Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." *Young v. Lumenis, Inc.*, 301 F.Supp.2d 765, 772 (S.D. Ohio 2004). Plaintiff waited nearly nineteen (19) months after it was originally aware of its alleged injuries to file a request for injunctive relief. Moreover, Plaintiff waited an additional three (3) months after filing its original Complaint to file for injunctive relief. No explanation has been provided for either of these

7

substantial delays in requesting the extraordinary remedy of a preliminary injunction. There is, therefore, no apparent urgency or need for the requested relief. Accordingly, Plaintiff's request for a preliminary injunction should be denied.

iv.   The doctrine of laches bars Plaintiff's claim for injunctive relief.

Similar to the above argument that Plaintiff's substantial delay in requesting a preliminary injunction bars Plaintiffs request, the doctrine of laches also bars Plaintiff's claim for injunctive relief. "The[] doctrine [of laches] bars claims where two elements are present: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Gelineau v. Johnson*, 896 F. Supp. 2d 680, 683 (W.D. Mich. 2012). As noted above, there is an obvious lack of diligence on the part of Plaintiff. Plaintiff waited approximately nineteen (19) months to file a complaint, and almost three (3) months after filing suit to file for a preliminary injunction. The prejudice to Defendants is also clear. During this nineteen (19) month delay, Defendants have conducted business as usual unknowing that Plaintiff was planning to levy serious charges of Constitutional violations. Defendants are now forced to address nearly two (2) to four (4) year old claims of violations of due process and equal protection. The substantial delay and prejudice to Defendants bars Plaintiff's claims. At a minimum, however, Plaintiff's substantial delay in bringing suit and subsequently moving for a preliminary injunction further damages Plaintiff's assertion that it has a likelihood of success.

v.   Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983 as no custom or policy has been alleged as the moving force behind any of the alleged constitutional violations.

As noted above, Plaintiff has alleged that the Defendants violated its constitutional rights in failing to include the Rutherford Reader on the eligible newspaper lists. Although Plaintiff names various defendants in the Complaint, the Complaint is nothing more than a suit against

8

Rutherford County. Plaintiff sued two (2) individuals in their official capacities, which are treated as suits against Rutherford County. *Campbell v. Anderson County*, 695 F.Supp.2d 764, 770 (E.D. Tenn. 2010). Rutherford County, however, cannot be held liable on *respondeat superior* theory of liability. *Dillingham v. Millsaps*, 809 F.Supp.2d 820, 847 (E.D. Tenn. 2011) (*citing Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). Rutherford County "may only be sued under § 1983 for unconstitutional or illegal municipal policies, and not for the unconstitutional conduct of its employees." *Okolo v. Metro. Govt. of Nashville*, 892 F.Supp. 2d 931, 940 (M.D. Tenn. 2012). The Plaintiff is required to identify the custom or policy that caused its injury. *Ford v. County of Grand Traverse,* 535 F.3d 483, 495 (6th Cir.2008). Thus, in order to sufficiently allege a § 1983 claim, Plaintiff must allege that there was some type of custom or policy within the County to keep the Rutherford Reader, or other similar papers, off the eligible newspaper lists. No such policy or custom exists, or was even alleged. Therefore, Plaintiff has failed to state a claim under § 1983 against Rutherford County. This defense further precipitates against the granting of a preliminary injunction in this case.

      vi.    Plaintiff has failed to state a claim for procedural or substantive due process as Plaintiff does not have a constitutionally protected interest in being included on the lists of eligible newspapers.

Plaintiff alleges that the Defendants violated its procedural and substantive due process rights. The first step in analyzing a substantive or procedural due process claim is determining whether the Plaintiff has a constitutionally protected property interest in that which is claimed to have been deprived. *See EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (citation omitted); *Brown v. City of Ecorse*, 322 Fed.Appx. 443, 445 (6th Cir. 2009). Plaintiff claims that it has a constitutional protected interest in being listed by the Probate Court and Clerk and Master's offices as a newspaper in which public notices may be published.

9

(Compl. at p. 7). However, Plaintiff has nothing more than a mere unilateral expectation of receiving the benefit of being included on the eligible newspaper lists, which is not enough to establish a protected property interest. *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002)**.**

Whether a person has a property interest is traditionally a question of state law. *EJS*, 698 F.3d at 855. Plaintiff has not cited, and Defendants are unaware of, any state law which establishes a protected property interest in being included on a list of newspapers eligible to publish legal notices. The statute addressing the publishing of legal notices in the administration of estates provides that it is the duty of the clerk to give public notice. T.C.A. § 30-2-306(a). There is no requirement that clerks use a certain newspaper or even maintain a list of eligible newspapers. Moreover, the statute makes it the duty of the clerk to publish notice, thus giving the clerk discretion in how to publish legal notices. Because the clerk has the discretion to deny the benefit to one paper to be used for publishing legal notices, a prospective recipient of the benefit of publishing legal notices can establish no more than a "unilateral expectation" to it. *Med Corp.,* 296 F.3d at 409-10. A unilateral expectation, however, is not enough to establish a protected property interest. *Id.* at 409.

Courts have routinely held that no constitutionally protected interest in implicated where a party simply wishes to be included on a government list. In order "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Med Corp.,* 296 F.3d at 409. As an example, the Sixth Circuit Court of Appeals has held that "no protected property interest is implicated when . . . towing companies are removed from a local government's rotational dispatch list. *Id.* at 410 (*citing Lucas v. Monroe County,* 203 F.3d

10

964, 978 (6th Cir. 2000)). In *Med Corp.*, the court held that the plaintiff did not have a protected property interest in receiving 911 dispatches from the city. In *Baldwin v. Daniels*, 250 F.3d 943 (5th Cir. 2001), the court held that the plaintiff did not have a property interest in remaining on the list of approved bail bondsmen to write bail bonds at a county jail. Even though Plaintiff was briefly included on the Probate Court's list, and then subsequently removed, "the mere unilateral expectation of continuing to receive a benefit is not enough to create a protected property interest; instead a 'legitimate claim of entitlement' must exist." *Lucas*, 203 F.3d at 978. No such legitimate claim exists in this case.

One way to establish a legitimate claim of entitlement to a benefit is where some state law or contractual understanding supports a plaintiff's claim of entitlement. *See Lucas*, 203 F.3d at 978; *Med Corp.*, 296 F.3d at 410. In the case at bar, Plaintiff appears to suggest that it has a constitutionally protected interest in being on the lists of eligible newspapers because it believes it satisfies the criteria to be a newspaper eligible to run notices. (Memorandum in Support of Plaintiff's Application for Injunctive Relief at p. 7-8). Plaintiff cites no case law, statute, contract, or any other understanding between the parties supporting its claim of entitlement to being on the lists. Accordingly, Plaintiff cannot support its claim that it has a protected property interest in being on the lists and thus cannot establish a claim for procedural or substantive due process. For these reasons, Plaintiff has failed to state a claim for due process violations and is not likely to succeed on the merits on these claims.

> vii.  Plaintiff has failed to state a claim for equal protection violations because the Rutherford Reader is not similarly situated to other newspapers included on the lists and because Defendants had a rational basis for treating the Rutherford Reader differently.

Plaintiff alleges an equal protection violation for not being included on the eligible newspaper lists while the Murfreesboro Post and Daily News Journal are included on the lists.

11

(Compl. at p. 8). In order to establish this claim, Plaintiff must show that (1) the Defendants treated the Rutherford Reader differently from a similarly situated party and (2) the Defendants had no rational basis to do so. *EJS*, 698 F.3d at 864. Plaintiff alleges that it is similarly situated to the Murfreesboro Post and Daily News Journal and that the Defendants have no rational basis for treating it differently by not placing it on the eligible lists. (Memorandum in Support of Plaintiff's Application for Injunctive Relief at p. 10). In support of its allegation that the Rutherford Reader is similarly situated to other newspapers, Plaintiff has filed an affidavit asserting various unsupported hearsay statistics regarding all three (3) newspapers' readership, distribution and subscribership. (Affidavit of Robert "Pete" Doughtie at p. 2). These statistics are nothing more than inadmissible hearsay statements and should not be considered in this case. Nevertheless, Plaintiff leaves out the most distinguishing difference between the papers – that the Tennessee Attorney General's Office twice opined that the Rutherford Reader was not a newspaper of general circulation and was thus not entitled to publish legal notices. This distinguishing factor is significant evidence that the papers are not similarly situated. As such, Plaintiff cannot establish that the Rutherford Reader is similarly situated to the Murfreesboro Post and Daily News Journal.

In addition, Plaintiff must also prove that there was no rational basis for the different treatment. The existence of the two (2) Attorney General Opinions is ample support for the Defendants' rational basis and legitimate reason for treating the Rutherford Reader differently than the Murfreesboro Post and Daily News Journal. Dissimilar to the Rutherford Reader, the Attorney General's Office has not opined that the Murfreesboro Post and Daily News Journal are ineligible to publish legal notices. Therefore, a rational basis exists for treating the Rutherford

Reader differently. For these reasons, Plaintiff has failed to state a claim for an equal protection violation and Plaintiff does not have a strong likelihood of success on the merits for this claim.

C.     Plaintiff cannot establish irreparable harm in not receiving a preliminary injunction.

In order to establish a claim for a preliminary injunction Plaintiff must also show to it will suffer irreparable harm in the event an injunction is not issued. *Overstreet*, 305 F.3d at 573. In establishing this element, Plaintiff bears a heavy burden and must demonstrate more than an unfounded fear of harm. *Smith v. State Farm Fire and Cas. Co.*, 737 F.Supp.2d 702, 713 (E.D. Mich. 2010). Plaintiff claims that it will suffer irreparable injury because each week it cannot run legal notices, it loses significant revenue. (Memorandum in Support of Plaintiff's Application for Injunctive Relief at p.10). However, mere injury; however substantial, in terms of money is not enough. The possibility that adequate compensatory or other relief will be available later, weighs heavily against a claim of irreparable harm. *Smith*, 737 F.Supp.2d at 713. "Harm from the denial of a preliminary injunction is irreparable *only* if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 573. Here, Plaintiff has only asserted irreparable harm in the context of money damages, which may be compensated for at a later date if Plaintiff is successful on the merits. As such, Plaintiff has not carried its burden of establish that it will suffer irreparable harm if it does not obtain a preliminary injunction.

D.     Granting a preliminary injunction to place the Rutherford Reader on the eligible newspaper lists would not serve the public interest.

Plaintiff must also establish that granting it a preliminary injunction will serve the public interest. Plaintiff claims that by including the Rutherford Reader on the eligible newspaper lists, it will save the public a significant amount of money. (Memorandum in Support of Plaintiff's Application for Injunctive Relief at p. 11). However, Plaintiff does not explain how it will save

13

any money, other than by claiming to introduce an element of competition to the business of running legal notices. Plaintiff does not provide any financial figures regarding the costs it would charge to run legal notices versus the costs of other newspapers. However, even if the Plaintiff was able to save the public money, the public would be damaged by being allowed to run legal notices in a newspaper that has twice been opined to not be a newspaper of general circulation. Because the Rutherford Reader has not been established as a newspaper of general circulation, the public interest will not be served by allowing the Rutherford Reader to publish legal notices. Thus, Plaintiff has failed to establish this prong of the preliminary injunction test.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants request that this Court deny Plaintiff's application for a preliminary injunction

Respectfully submitted,

**COPE, HUDSON, REED & McCREARY, PLLC**

**By:        s/E. Evan Cope                          **
    **James C. Cope**
    BPRN 3340
    **E. Evan Cope**
    BPRN 21436
    **Blake A. Garner**
    BPRN 31129
    16 Public Square North
    Murfreesboro, TN 37130
    Telephone: (615) 893-5522
    Email: ecope@mborolaw.com
        jcope@mborolaw.com
        bgarner@mborolaw.com
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 26th day of June, 2013, a true and exact copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Barry R. Tidwell
Bullock, Fly, Hornsby & Evans
302 N. Spring Street
Murfreesboro, TN 37130

**By:        s/E. Evan Cope**
**E. Evan Cope**