IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DOUGHTIE & CO., INC.              )
                                  )
v.                                ) NO. 3-13-0209
                                  ) JUDGE CAMPBELL
RUTHERFORD COUNTY, et al.         )

MEMORANDUM

Pending before the Court is an Application for Injunctive Relief (Docket No. 22) filed by the Plaintiff. The Application asks this Court to issue a preliminary injunction requiring Defendants to place The Rutherford Reader, a newspaper owned and operated by Plaintiff, on their respective lists of publications eligible to publish legal notices. For the reasons described below, the Application is DENIED.

Plaintiff alleges in its Complaint that Defendants have denied it procedural due process, equal protection of the law, and substantive due process by refusing to place Plaintiff's newspaper, The Rutherford Reader, on a list of publications eligible to publish legal notices in Rutherford County. In support of its Application for Injunctive Relief, Plaintiff has submitted a Memorandum, a Reply Brief, and the Affidavit of Robert "Pete" Doughtie. Defendants have filed an brief in opposition to Plaintiff's Application.

In determining whether to issue a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result without an injunction; (3) whether issuance of a preliminary injunction will result in substantial harm to others;

and (4) whether the public interest is advanced by the injunction. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). The movant bears the burden of proving each of these elements. *Hudson v. Caruso*, 748 F.Supp. 2d 721, 725 (W.D. Mich. 2010); *Gaines v. National Collegiate Athletic Ass'n.,* 746 F.Supp. 738, 741 (M.D. Tenn. 1990). Whether to grant a preliminary injunction is a matter within the discretion of the district court. *Tennessee Scrap Recyclers Ass'n. v. Bredesen,*556 F.3d 442, 447 (6th Cir. 2009).

One purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. *Tennessee Scrap Recyclers,* 556 F.3d at 447 (6th Cir. 2009); *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).[1] Plaintiff here is requesting mandatory relief which would *change* the status quo, not preserve it. Therefore, Plaintiff bears an especially heavy burden in convincing the Court than an injunction is appropriate. *Gaines*, 746 F.Supp. at 742. Plaintiff is asking the Court to force Defendants to do an affirmative act - to add Plaintiff's name to the list of eligible newspapers. Essentially, Plaintiff is asking the Court to order, on the "front end" of this action, the relief it ultimately seeks in this lawsuit. The Court finds that Plaintiff has failed to show the need for this extraordinary relief.

The likelihood of success on the merits factor contemplates an inquiry as to the likelihood of success, not simply a mere possibility. *Tri-County Wholesale Distributors, Inc. v. Wine Group, Inc.*, 2012 WL 2478357 at * 5 (6th Cir. June 29, 2012). The Court finds that there is significant doubt as to Plaintiff's ultimate chance of prevailing herein.

---

[1] Given this purpose, the movant is not required to prove his case in full at the preliminary injunction stage and findings of fact and conclusions of law made by the Court concerning the preliminary injunction are not binding at the trial on the merits. *Certified Restoration,* 511 F.3d at 542.

For the reasons stated in *Med Corp., Inc. v. City of Lima*, 296 F.3d 404 (6th Cir. 2002), it is unlikely that Plaintiff will be able to demonstrate that it has a cognizable, protected property or liberty interest in being included on Defendants' list of eligible newspapers. To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. *Id*. at 409. A person must have more than a unilateral expectation of it. Rather, he must have a legitimate claim of entitlement to it. *Id*.[2] In addition, Defendants have asserted defenses, such as statute of limitations and laches, which are, at a minimum, colorable defenses to some of Plaintiff's claims.

Even assuming that Plaintiff could show a likelihood of success on the merits, however, the Court finds that Plaintiff has not shown that it will suffer irreparable harm. The general rule is that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Langley v. Prudential Mortgage Capital Co., LLC*, 554 F.3d 647, 649 (6th Cir. 2009); *National Viatical, Inc. v. Universal Settlements International, Inc.*, 716 F.3d 952, 957 (6th Cir. 2013). Plaintiff is seeking an award of money damages for lost revenue, and such harm is not irreparable.

Mere injuries, however substantial, are not enough. *Hudson*, 748 F.Supp.2d at 730. Rather, the harm alleged must be both certain and immediate, rather than speculative or theoretical. *Id*.[3] Plaintiff's business has not been shut down. Plaintiff has not shown that its future business

---

[2] Although the Supreme Court has suggested that a protected liberty interest may be implicated by certain injuries to a person's reputation or goodwill which threaten to restrain that person's freedom to pursue business or employment opportunities, *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971), such implications are limited. *Med Corp., Inc.*, 296 F.3d at 413-14. There is no constitutional liberty interest in one's reputation alone. *Id*. at 414 and 416.

[3] The Sixth Circuit Court of Appeals has recognized that a loss of business goodwill may constitute irreparable harm because of the difficulty in calculating damages. *Langley v. Prudential Mortgage Capital Co., LLC*, 554 F.3d 647, 649 (6th Cir. 2009). In this case, however, Plaintiff has not carried its burden of showing such irreparable harm at this stage of the litigation.

3

opportunities, other than with Defendants, have been foreclosed. Should Plaintiff prevail in this action and obtain the mandatory injunctive relief it seeks, there is a strong likelihood that money damages can compensate for its losses.

Moreover, absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief. *Young v. Lumenis, Inc.*, 301 F.Supp.2d 765, 772 (S.D. Ohio 2004). Here, Plaintiff became aware of its alleged injury in August-September of 2011. It did not file this action until March 2013, and it did not file its Application for Injunctive Relief until three months after that.

Finally, the substantial harm to others and public interest factors, under these circumstances, weigh in favor of not awarding preliminary, mandatory, injunctive relief. Most importantly, if the Court were to grant this preliminary injunction request, order Defendants to include Plaintiff's newspaper for notice publication, and then later dissolve the injunction and enter judgment for Defendants, any such notices in Plaintiff's publication potentially could be defective notices, causing possible havoc within the state court system in Rutherford County.

## CONCLUSION

It is inappropriate to give a party relief on the "front end" where sufficient doubt exists as to the party's ultimate chance of prevailing, especially where the relief sought preliminarily is the ultimate relief requested and where that relief is mandatory in nature. *Gaines*, 746 F.Supp. at 742. For all these reasons, Plaintiff's Application for Preliminary Injunction is DENIED.

IT IS SO ORDERED.

                                                                        _____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE